

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ABELARDO MEDINA, M.D**            **PLAINTIFF**

VS.            CASE NO: 3:24-cv-490-KHS-BWR

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER,
and JOHN DOES 1 – 10**            **DEFENDANTS**

## ANSWER AND DEFENSES

The University of Mississippi Medical Center ("UMMC"), by and through counsel, submits its Answer and Defenses to the Plaintiff's Complaint, and would show unto the Court as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against UMMC and should therefore be dismissed as against UMMC pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

UMMC is not a person within the meaning of 42 U.S.C.A. §1983, and no claim can lie against UMMC pursuant to either §1981 or §1983.

### THIRD DEFENSE

Some of Plaintiff's claims against UMMC are barred herein by the doctrine of sovereign immunity, as established in the Eleventh Amendment to the United States Constitution.

## FOURTH DEFENSE

Any claims asserted herein by Plaintiff pursuant to Title VII which were not properly exhausted before the EEOC are barred.

## FIFTH DEFENSE

UMMC asserts all defenses available to it pursuant to the Mississippi Tort Claims Act, including, but not limited to, those defenses set forth in Miss. Code Ann. §11-46-9(1).

## SIXTH DEFENSE

Pursuant to Fed. R. Civ. P. 8(b), UMMC denies all allegations asserted by Plaintiff against it, as set forth in the Complaint, except to the extent specifically admitted herein, and demands strict proof thereof.

## SEVENTH DEFENSE

UMMC asserts, to the extent applicable, all affirmative defenses listed in Fed. R. Civ. P. (8)(c)(1), which include, but are not limited to, the following: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

## EIGHTH DEFENSE

Plaintiff's injuries and damages, if any, were the direct and proximate result of the actions of the Plaintiff and/or a third party.

## NINTH DEFENSE

UMMC reserves the right to seek leave to amend its Answer and Defenses to add additional defenses that may be warranted by the facts as they become known. Without waiving the aforementioned defenses, UMMC specifically answers and responds to the allegations of the Plaintiff's Complaint, paragraph by paragraph, as follows:

1. Admitted upon information and belief.

2. Admitted.

3. Paragraph 3 of the Complaint refers to unknown John Doe defendants and raises no allegations against UMMC. To the extent that Paragraph 3 of the Complaint is determined to include allegations which require a response from UMMC, any and all such allegations are denied.

4. It is admitted that the United States District Court for the Southern District of Mississippi, Northern Division, is vested with subject matter jurisdiction over this matter. Any allegations set forth in Paragraph 4 of the Complaint which are not specifically admitted herein are denied.

5. It is admitted that the United States District Court for the Southern District of Mississippi, Northern Division, has personal jurisdiction over UMMC. Any allegations set forth in Paragraph 5 of the Complaint which are not specifically admitted herein are denied.

6. It is admitted that venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division. Any allegations set forth in Paragraph 6 of the Complaint which are not specifically admitted herein are denied.

7. Admitted upon information and belief.

8. Admitted upon information and belief.

9. Admitted upon information and belief.

10. Admitted upon information and belief.

11. Admitted upon information and belief.

12. Admitted upon information and belief.

13. Admitted upon information and belief.

14. Admitted.

15. It is admitted that Dr. Medina initiated complaints with his department, and that those complaints were investigated. Any allegations set forth in Paragraph 15 of the Complaint which are not specifically admitted herein are denied.

16. Admitted upon information and belief.

17. It is admitted that Dr. Medina met with Dr. Anderson on or about February 22, 2022, regarding certain concerns of Dr. Medina. Any allegations set forth in Paragraph 17 of the Complaint which are not specifically admitted herein are denied.

18.   Admitted.

19.   Admitted.

20.   It is admitted that Dr. Medina's meeting with Dr. Anderson occurred on or about February 22, 2022, and that Dr. Medina was informed of the non-renewal of his contract on or about April 1, 2022. Any allegations set forth in Paragraph 20 of the Complaint which are not specifically admitted herein are denied.

21.   Admitted.

22.   Admitted.

23.   UMMC's responses above to Paragraphs 1 – 22 of the Complaint are fully incorporated herein.

24.   Denied.

25.   Denied.

26.   Denied.

27.   UMMC's responses above to Paragraphs 1 – 26 of the Complaint are fully incorporated herein.

28.   Denied. It is specifically denied that UMMC is subject to action under 28 U.S.C. § 1981.

29.   Denied.

30. Denied.

31. Denied.

32. UMMC's responses above to Paragraphs 1 – 31 of the Complaint are fully incorporated herein.

33. Denied. It is specifically denied that UMMC is subject to action under 28 U.S.C. § 1983.

34. Denied.

35. Denied.

36. UMMC's responses above to Paragraphs 1 – 35 of the Complaint are fully incorporated herein.

37. Admitted.

38. Denied as stated.

39. Denied.

40. Denied as stated.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. UMMC's responses above to Paragraphs 1 – 44 of the Complaint are fully incorporated herein.

46. Admitted.

47. Denied.

48. Denied.

49. UMMC's responses above to Paragraphs 1 – 48 of the Complaint are fully incorporated herein.

50. Denied.

51. Denied.

52. UMMC's responses above to Paragraphs 1 – 51 of the Complaint are fully incorporated herein.

53. It is admitted that Plaintiff is seeking damages in this matter. It is denied that he is entitled to any damages in this matter.

54. Any allegations found in the paragraph of the Complaint beginning with the works "WHEREFORE, PREMISES CONSIDERED, are denied, and it is denied that Plaintiff is entitled to any relief whatsoever herein.

55. Any allegations found in the Complaint but not otherwise addressed herein are denied.

NOW, having fully answered the allegations of Plaintiff's Complaint, and having set forth its defenses thereto, UMMC denies that Plaintiff is entitled to any relief against it in any form or amount whatsoever, and hereby moves the Court for entry of an order and final judgment dismissing this cause of action with prejudice as against it, with all costs assessed to the Plaintiff. Finally, UMMC moves for general and such other relief as the Court deems appropriate herein.

Respectfully submitted, this the 20th day of August, 2024.

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER

By: _____
Benny M. "Mac" May (MSB #100108)
University of Mississippi Medical Center
2500 North State Street
Jackson, Mississippi 39216
Telephone: (601) 984-1969
Facsimile: (601) 984-1997
E-mail: bmay2@umc.edu

## CERTIFICATE OF SERVICE

I, Benny M. "Mac" May, do hereby certify that on this date, I caused to be delivered via United States Mail, postage prepaid, a true and correct copy of the foregoing *Answer* to the following:

Philip C. Hearn, Esq.
Charles C. Cole, Esq.
*Hearn Law Firm, PLLC*
Post Office Box 5009
Jackson, Mississippi 39296

THIS, the 20th day of August, 2024.

_____
Benny M. "Mac" May